**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4037**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DONNIE WELCH,

            Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:06-cr-00191-1)

Submitted: July 9, 2008          Decided: August 19, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Travis E. Ellison, III, JOHN R. MITCHELL, L.C., Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnie Welch pled guilty pursuant to a written plea agreement to possession of an unregistered bomb, making false statements to federal agents, possession of a firearm by an addict, and committing perjury during grand jury proceedings, in violation of 18 U.S.C. §§ 922(g)(3); 1001; 1623; 26 U.S.C. § 5861(d) (2000). Welch was sentenced to a total of 262 months' imprisonment. Finding no error, we affirm.

On appeal, Welch contends the district court erred in denying his motion to withdraw his guilty plea. A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant will be permitted to withdraw his guilty plea, a district court should consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the Government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Further, we closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final

and binding if the Rule 11 hearing is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

As noted by the district court, and conceded by Welch on appeal, the motion to withdraw the guilty plea was not predicated on an assertion of legal innocence. Instead, Welch argues, as he did in the district court, that he would not have pled guilty if he had known that he was subject to a six-level enhancement under U.S. Sentencing Guidelines Manual § 3A1.2(b) (2006). However, during the properly conducted Rule 11 hearing, Welch acknowledged the plea agreement provision explaining that neither the court nor the probation office was bound by the parties' estimate of the Guidelines calculation. The court explained in detail the procedure for determining the advisory guideline range and stated that the applicable range would "not become clear" until the presentence report was finalized, including the resolution of any objections thereto. Likewise, the court informed Welch that he was subject to a total statutory maximum of thirty years' confinement. Considering all of the Moore factors, and Welch's failure to overcome the presumption that his plea is final and binding, we conclude the district court did not abuse its discretion in denying Welch's motion to withdraw his guilty plea.

Welch also contends that the district court erred in its application of USSG § 3A1.2(b). The Government asserts that Welch is foreclosed from raising this issue based on the appellate waiver

provision in the plea agreement. According to the terms of the agreement, Welch waived his right to appeal the reasonableness of any sentence within the applicable advisory guideline range. Welch, however, retained the right to appeal a properly preserved objection to the district court's Guidelines calculation. Because Welch challenges his sentence based on a properly preserved objection to the court's application of § 3A1.2(b), we conclude the appeal waiver is inapplicable.

When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Welch does not dispute that his intended victim was a law enforcement officer and that § 3A1.2(b) is applicable. Rather, Welch argues that it would be unfair to apply the six-level enhancement in this case because, due to an oversight, the other individual involved in the crime was not subjected to the enhancement. Welch reasons that application of the enhancement would result in an unwarranted disparate sentence as contemplated by 18 U.S.C. § 3553(a)(6) (2000).

While it appears that the enhancement was not applied in the related case, such error does not justify affording Welch a windfall. See United States v. Ellis, 975 F.2d 1061, 1066 n.2 (4th Cir. 1992). Moreover, we have previously rejected a similar argument, stating that "'the kind of "disparity" with which

§ 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case.'" United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (quoting United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006)), vacated on other grounds, 128 S. Ct. 865 (2008) (vacating for consideration in light of Gall v. United States, 128 S. Ct. 586 (2007)). Welch has failed to establish that his sentence is disparate among the broader scope of similarly situated defendants. Consequently, we conclude the district court did not err in applying USSG § 3A1.2(b).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED